Jane Paulson, OSB No. 91180
jane@paulsoncoletti.com
Paulson Coletti Trial Attorneys, PC
1022 NW Marshall St., Suite 450
Portland, OR 97209-2989
503-226-6361

*Local Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JOHN KANE and MARY BOWERS, individually and on behalf of all similarly situated individuals, | Case No.: 3:20-cv-01558-IM |
| Plaintiffs, | |
| v. | JOINT NOTICE OF SETTLEMENT, REQUEST FOR APPROVAL, AND STIPULATED DISMISSAL WITH PREJUDICE |
| CONSUMER CELLULAR, INC., | |
| Defendant. | |

_____

Plaintiffs John Kane and Mary Bowers and Defendant Consumer Cellular, Inc., through their respective counsel of record, hereby jointly move the Court to approve the settlement agreement entered among the Parties. In support of the Joint Stipulation, the Parties state as follows:

1. On September 9, 2020, Plaintiffs filed their Collective and Class Action Complaint and Jury Trial Demand (the "Complaint") against Defendant on behalf of themselves and other individuals similarly situated alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, as well as a class action pursuant to Fed.

R. Civ. P. 23 to remedy violations of the Arizona Wage Act, A.R.S. §§ 23-350, *et seq.*, A.R.S. §§ 23-364, and Chapters 652 and 653 of the Oregon Revised Statute and regulations promulgated thereunder. Plaintiff also alleged violations of contractual obligations and unjust enrichment if no contract was found.

2. On September 30, 2020, six Opt-in Plaintiffs, Renee Redinger, Cesar Ramos-Rincon, Hugh Lee, Diana Geary, Keda Jeffrey, and Nichole Deininger filed Consents to Sue. (Dkt. No. 8). On October 6, 2020, LaToya Lewis filed her Consent to Sue. (Dkt. No. 9).

3. On January 15, 2021, Defendant produced arbitration agreements signed by seven of the eight Plaintiffs, excluding Diana Geary. The Parties agreed to explore a resolution for the Plaintiffs subject to arbitration agreements and submitted a joint motion to the Court requesting a stay of litigation, which was granted on February 23, 2021. (Dkt. No. 21).

4. On March 25, 2021, Opt-in Plaintiff Diana Geary withdrew her Consent to Sue, as she was not subject to an arbitration agreement, and re-filed her case in the District of Arizona. (Dkt. No. 22).

5. This matter has remained stayed by joint request of the Parties and by order of the Court multiple times since February 23, 2021. In that time, Defendant produced extensive timesheet and pay record data for each Plaintiff. After reviewing this data, the Parties engaged in settlement discussions and reached a resolution for the Court's review and approval.

6. Attached hereto as Exhibit A is the confidential Settlement Agreement entered into between Plaintiffs and Defendant Consumer Cellular, Inc. The Settlement

Agreement provides Plaintiffs $19,396.02 in payment for their alleged damages and $20,603.98 in attorneys' fees and costs.

7. The Settlement Agreement reflects a fair, just, and reasonable resolution of the unpaid overtime claims alleged by Plaintiffs. The Settlement Agreement reached is the result of lengthy negotiations between the Parties to resolve this matter. The Settlement Agreement was negotiated at arm's length by experienced counsel concerning *bona fide* disputes between their clients. Plaintiffs' counsel reviewed each individual Plaintiff's records to determine their potential damages. This time intensive process fostered data driven and, ultimately, successful settlement discussions. Recognizing the uncertainties involved, the Parties reached a settlement based on their assessment of the relative strengths and weaknesses of their claims and defenses in light of the data produced, and consideration of the risks and expenses of ongoing litigation through arbitration.

8. Defendant denies liability to Plaintiffs in any amount whatsoever, or that its actions constituted willful disregard for the law or bad faith. Nevertheless, the aggregate settlement amount allocated to Plaintiffs represents approximately ten minutes of unpaid boot-up work as alleged in the Complaint, including unpaid overtime, straight time, and liquidated damages under the FLSA. This amount is substantial, especially in light of the considerable risks presented to Plaintiffs on both liability and damages. Accordingly, the Parties conclude that a settlement on the terms set forth in the Settlement Agreement is fair, reasonable, and adequate, in the best interests of the respective Parties, and that not settling is not worth the costs and risks associated with proceeding with litigation through arbitration.

9. The fee-shifting provision of the FSLA allows settlement agreements to include an award of reasonable attorneys' fees and costs. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. The fee shifting provision of the FLSA encourages counsel to represent employees "who would otherwise lack the means to pursue overtime wages." *See Victorio v. Stahlbush Island Farms, Inc.*, No. 10–6061–AA, 2012 WL 487987, *1 (D. Or. Feb. 10, 2012). To date, Plaintiffs' counsel has incurred more than $40,000 in attorneys' fees and costs—and will continue to incur additional fees and costs to effectuate and administer the settlement. Plaintiffs' counsel agreed to reduce their attorneys' fees and costs by approximately 50% to $20,603.98 to foster the settlement. The attorneys' fees and costs were negotiated separate and apart from Plaintiff's damages as the Parties collectively worked to determine Defendant's potential liability. As such, the Parties agree that the attorneys' fees and costs requested are fair and reasonable.

WHEREFORE, for the foregoing reasons, the Parties respectfully request the Court approve the Joint Stipulation and enter an Order dismissing this Action with prejudice, with each Party to bear their own costs and attorneys' fees except as otherwise provided in the Settlement Agreement.

DATED: April 11, 2022

<div style="display:flex">
<div>

<u>   s/ Francis Barnwell   </u>
Francis T. Barnwell, OSB No. 841623
Maryann Yelnosky, OSB No. 863200
ARBOR EMPLOYMENT LAW
200 SW Market St., Suite 900
Portland, OR 97201
fran@arboremploymentlaw.com
maryann@arboremploymentlaw.com

*Of Attorneys for Defendant Consumer Cellular, Inc.*

</div>
<div>

<u>s/ Jacob R. Rusch   </u>
Jacob R. Rusch (*pro hac vice*)
Timothy J. Becker (*pro hac vice*)
Zackary S. Kaylor (*pro hac vice*)
JOHNSON BECKER, PLLC
444 Cedar Street, Suite 1800
Saint Paul, MN 55101
jrusch@johnsonbecker.com
tbecker@johnsonbecker.com
zkaylor@johnsonbecker.com

*Of Attorneys for Plaintiffs*

Jane Paulson
PAULSON COLETTI TRIAL ATTORNEYS, PC
1022 NW Marshall St, Ste 450
Portland, OR 97209-2989
jane@paulsoncoletti.com

*Local Counsel for Plaintiff*

</div>
</div>

JOINT NOTICE OF SETTLEMENT, REQUEST FOR APPROVAL,
AND STIPULATED DISMISSAL WITH PREJUDICE         5