UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JOHN KANE and MARY BOWERS, individually and on behalf of all similarly situated individuals, | Case No.: 3:20-cv-01558-IM |
| Plaintiffs, | |
| v. | ORDER APPROVING FAIR LABOR STANDARDS ACT SETTLEMENT |
| CONSUMER CELLULAR, INC., | |
| Defendant. | |

_____

    This matter is before the Court on Plaintiffs John Kane and Mary Bowers and Defendant Consumer Cellular, Inc.'s Joint Notice of Settlement, Request for Approval, and Stipulated Dismissal with Prejudice (Dkt. No. 35). For the reasons set forth below,

the Court **APPROVES** the settlement agreement entered among the Parties and dismisses this Action with prejudice.

1. Plaintiffs filed their Collective and Class Action Complaint and Jury Trial Demand (Dkt. No. 1) (the "Complaint") against Defendant on behalf of themselves and other individuals similarly situated alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, as well as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the Arizona Wage Act, A.R.S. §§ 23-350, *et seq.*, A.R.S. §§ 23-364, and Chapters 652 and 653 of the Oregon Revised Statute, regulations promulgated thereunder, and common law violations.

2. Seven Opt-in Plaintiffs, Renee Redinger, Cesar Ramos-Rincon, Hugh Lee, Diana Geary, Keda Jeffrey, Nichole Deininger, and LaToya Lewis filed Consents to Sue. (Dkt. Nos. 8 and 9).

3. Defendant produced arbitration agreements signed by seven of the eight Plaintiffs, excluding Plaintiff Diana Geary (Dkt. No. 21).

4. Plaintiff Diana Geary withdrew her Consent to Sue from this matter (Dkt. No. 22) and re-filed her case, and the Class Action claims originally pled in this action, in the District of Arizona on behalf of herself and other individuals similarly situated not subject to arbitration agreements alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, as well as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the Arizona Wage Act, A.R.S. §§ 23-350, *et seq.*, A.R.S. §§ 23-364, regulations promulgated thereunder, and common law violations. *See Geary v. Consumer Cellular Inc.*, Civil Action No. 2:21-cv-00699-DLR. The *Geary* matter was conditionally certified, and a 90-day Notice Period granted (*Geary* Dkt. No. 19).

5.    The Parties requested a stay of this matter to explore a resolution for the two named Plaintiffs and the six opt-in Plaintiffs subject to arbitration agreements (the "Arbitration Plaintiffs") and to remain before the Court for the potential approval of a FLSA settlement as to the Arbitration Plaintiffs (Dkt. No. 21).

6.    The Parties seek approval of their Settlement Agreement providing the Arbitration Plaintiffs a total of $19,396.02 in payment for their alleged damages and $20,603.98 in attorneys' fees and costs.

7.    The Court finds the Settlement Agreement reflects a fair, just, and reasonable resolution of the unpaid overtime claims alleged by the eight Arbitration Plaintiffs. The Settlement Agreement reached is the result of negotiations between the Parties to resolve this matter. The Settlement Agreement was negotiated at arm's length by experienced counsel concerning *bona fide* disputes between their clients. Recognizing the uncertainties involved, the Parties reached a settlement based on their assessment of the relative strengths and weaknesses of their claims and defenses and consideration of the risks and expenses of arbitration.

8.    The aggregate settlement amount allocated to the eight Arbitration Plaintiffs is substantial, representing ten minutes of unpaid boot-up work as alleged in the Complaint, including unpaid overtime and liquidated damages under the FLSA, and unpaid straight time under Arizona or Oregon state law.

9.    The fee-shifting provision of the FSLA allows settlement agreements to include an award of reasonable attorneys' fees and costs. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.") Plaintiffs' counsel represents they have incurred more than $40,000 in

attorneys' fees and costs—and will continue to incur additional fees and costs to effectuate and administer the settlement. Plaintiffs' counsel agreed to reduce their attorneys' fees and costs by approximately 50% to $20,603.98 to foster the settlement.

10. The attorneys' fees and costs were negotiated separate and apart from Plaintiffs' damages and the attorneys' fees and costs requested are fair and reasonable.

For the foregoing reasons, the Court **APPROVES** the Settlement Agreement and dismisses this Action as to the Arbitration Plaintiffs, with prejudice, and without prejudice as to the putative class in this case, with each Party to bear their own costs and attorneys' fees except as otherwise provided in the Settlement Agreement.

DATED this 13th day of May, 2022.

*Karin J. Immergut*
Karin J. Immergut
United States District Judge